UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

|  |  |
|---|---|
| JERRY WOLTMAN, ) |  |
| ) |  |
| Plaintiff, ) |  |
| ) |  |
| v. ) | No. 05-2198 |
| ) |  |
| AMERICAN STATES INSURANCE ) |  |
| COMPANY, ) |  |
| ) |  |
| Defendant. ) |  |

**OPINION**

On June 30, 2005, Defendant American States Insurance Company filed a Notice of Removal (#1) from the Circuit Court of Sangamon County. On May 13, 2005, Plaintiff Jerry Woltman had filed a complaint in that court alleging breach of insurance contract, improper claims practices, and consumer fraud relative to American States' handling of Woltman's claim for loss after a building Woltman owned burned down. On September 9, 2005, this case was transferred to this court from the Springfield Division of the Central District of Illinois. On February 14, 2006, American States filed a Motion for Summary Judgment (#13). The motion is now fully brief. For the reasons that follow, the Motion for Summary Judgment is GRANTED in part and DENIED in part.[1]

---

[1] Woltman has filed two Motions to Strike (#22, #23). Woltman seeks to strike portions of the affidavits of John Wood and Sandra Parker, arguing that they contain hearsay which this court should not consider in ruling on the motion for summary judgment. This court finds that the alleged hearsay statements are not relevant to the issues on which summary judgment was decided. Therefore, the Motions to Strike (#22, #23) are denied as MOOT. Furthermore,

FACTS

On November 10, 1998, American States issued property insurance to Woltman for a building located at 11 East West Street in Ridge Farm, Illinois. On October 7, 2002, a fire occurred at the property at approximately 2:45 a.m. Woltman reported the fire to American States on October 8, 2002. Sandra Parker, a general adjuster for American States, called Woltman and questioned him about the fire. On October 9, 2002, Woltman signed a waiver to allow American States to have access to the site of the fire for the purpose of investigation. Woltman also worked with Parker to compile an inventory of property lost in the fire. On October 10, 2002, John Wood, special investigator for American States, took a recorded claims statement from Woltman. Based upon the investigation, American States determined the fire to be incendiary in nature.

American States sent six letters to Woltman between October 2002 and March 2003 asking that he produce records relevant to the claim and loss. Each of these letters set deadlines for Woltman to provide the requested documents. The letter sent March 19, 2003, stated:

> Once again you have failed to produce the documents which American States Insurance Company has been requesting for the last five and half months. <u>To afford you one final opportunity to comply with your duties pursuant to the insurance policy</u>, American States Insurance Company hereby extends the time to produced [sic] the documents requested in our letters of October 11, 2002, October 31, 2002,

---

American States argues in its reply to the motion for summary judgment that Woltman's Response (#20) should be stricken for failure to comply with Local Rule 7.1, which requires that a response to a motion for summary judgment contain a statement of additional material facts claimed to defeat the motion for summary judgment. C. D. Ill. L. R. 7.1(D)(2)(c)(4). While Woltman has not set forth the additional facts claimed to defeat the motion for summary judgment by listing and numbering them, this court has considered only facts adequately supported by exhibits attached to the response.

> December 5, 2002, December 19, 2002, January 6, 2003, January 17, 2003 and Meaden & Moore's letter of January 10, 2003, to and including April 11, 2003. You are specifically notified that failure to produce the documents as set forth herein will constitute a material breach of the insurance policy.
>
> As stated in our letter of February 26, 2003, it is the intention of this Company to conduct your examination under oath. That examination cannot and will not proceed until you comply with your contractual duty to produce documents relevant to the claim submitted. Accordingly, your consistent failure to produce the documents has delayed, and continues to delay, the resolution of the claim. (Emphasis in original).

Woltman did not produce the requested documents by April 11, 2003. However, American States did receive proof of loss documents from Woltman on February 14 and 21, 2003.

On May 19, 2003, Parker sent a letter to Woltman indicating his "failure to comply with policy terms has delayed and materially impaired the ongoing investigation of the claim submitted, and constitutes substantial noncompliance with the contract of insurance." Parker also indicated Woltman was to appear on May 28, 2003, for examination under oath. Woltman called and asked to reschedule because he would be involved in spring planting. The deposition was then rescheduled for June 25, 2003. Woltman did not appear for the deposition on June 25, 2003. According to Woltman's affidavit, he did not appear because he had not been provided with copies of the tapes of his interview with Wood or with fire reports. Woltman attached to his response a handwritten letter indicating he would not participate in the deposition without having received these items. Parker indicates that Woltman did not notify her prior to his failure to appear. However, a copy of the fire report was sent to Woltman on August 13, 2003, and a tape of the recorded statement made

to Woods was sent on August 6, 2003. There is no indication in the record that American States attempted to reschedule the deposition after Woltman received the tape and documents.

On August 18, 2003, Parker sent a final letter to Woltman indicating his claim was rejected for failure to produce documents relevant to the claim after repeated demands from American States and for failure to appear for deposition. Woltman provided documents requested by American States in response to requests to produce on February 6, 2006. The policy in place between Woltman and American States provides under the heading "Duties in the Event of Loss or Damage:"

> a. You must see that the following are done in the event of loss or damage to Covered Property:
>
> . . .
>
> (5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values, and amount of loss claimed.
>
> (6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records. Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records. . . .
>
> (8) Cooperate with us in the investigation or settlement of the claim.

The policy further provides:

> We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

ANALYSIS

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, the court must decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. Waldridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). In reaching this decision, the court must consider the evidence in the light most favorable to the party opposing summary judgment. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The burden of establishing that no genuine issue of material fact exists rests with the movant. Jakubiec v. Cities Serv. Co., 844 F.2d 470, 473 (7th Cir. 1988).

American States first argues that it is entitled to summary judgment on Woltman's breach of contract claim because Woltman failed to cooperate in the investigation of the claim as required under the policy. Under Illinois law[2], an insured's refusal to produce requested documents or to appear for deposition can justify summary judgment for the insurer where there is a cooperation clause in the policy. See Horton v. Allstate Ins. Co., 467 N.E.2d 284 (Ill. App. Ct. 1984). However, where an insured makes "some effort to comply with the insurer's request for information, but their cooperation was either late or incomplete, the sufficiency of those efforts [is] a question of fact, and therefore inappropriate for summary judgment." Hartshorn v. State Farm Ins. Co., 838 N.E.2d 211, 214 (Ill. App. Ct. 2005). In Piro v. Pekin Ins. Co., 514 N.E.2d 1231, 1234 (Ill. App. Ct. 1987), an

---

[2] The parties do not dispute that Illinois law governs this contract dispute.

Illinois court held that the issue of whether an insured failed to cooperate as required by the policy should not be resolved on summary judgment except in "the most extreme of cases." See also Patel v. Allstate Ins. Co., 570 N.E.2d 357, 360-61 (Ill. App. Ct. 1991); Crowell v. State Farm Fire & Cas. Co., 631 N.E.2d 418, 420 (Ill. App. Ct. 1994).  An example of such an extreme case existed in Hartshorn, where the court determined summary judgment was appropriate because the plaintiff provided no documents, with the exception of a police report, three times failed to appear for examination, and made no effort at compliance after the motion for summary judgment was filed. Hartshorn, 838 N.E.2d at 215.

While Woltman's cooperation with American States may not have been exemplary, the facts before this court are not so extreme as to allow for summary judgment. Shortly after the fire giving rise to this dispute, Woltman signed a waiver to allow American States to have access to the site of the fire for the purpose of investigation. Woltman also worked with Parker to compile an inventory of property lost in the fire and provided a claims statement to John Wood, special investigator for American States. American States received proof of loss documents from Woltman. In addition, Woltman eventually provided documents requested by American States in response to requests to produce in the instant litigation on February 6, 2006. As concerns Woltman's failure to appear for deposition, the parties do not dispute that the first scheduled deposition was rescheduled at Woltman's request. The parties dispute whether Woltman indicated he would not appear for the second scheduled deposition prior to receiving copies of the tape of his interview with Wood or with fire reports. Letters from American States indicate a tape of the recorded statement made to Woods was sent on August 6, 2003, and a copy of the fire report was sent to Woltman on August 13, 2003. There is nothing before this court to indicate American States attempted to reschedule the deposition

after Woltman received these items. Accordingly, summary judgment is inappropriate on this count.

American States further seeks summary judgment on Counts II and III of Woltman's complaint. Count II seeks compensation for attorney fees pursuant to § 155 of the Illinois Insurance Code. Under this section of the Illinois Insurance Code, a party that experienced unreasonable delay in settling a claim can recover attorney fees and costs if the court finds the delay was vexatious and unreasonable. See 215 Ill. Comp. Stat. § 5/155. American States makes no argument as to why it is entitled to summary judgment on this count other than to state there is "no private course of action for damages." However, § 155 does allow for damages under the circumstances set forth above, and Woltman clearly references this section in his complaint. Therefore, summary judgment is denied as to Count II.

Count III of Woltman's complaint alleges a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. § 505/1 *et seq*. In this count, Woltman alleges American States' "denial of coverage without a reasonable basis constitutes unfair and deceptive business practices in violation of Section 2 of the Illinois Consumer Fraud Act." However, "any count alleging nothing more than the conduct proscribed by section 155 is preempted by the statute." Leona's Pizzeria, Inc. v. Northwestern Nat'l Cas. Co., 203 F. Supp. 2d 930, 934 (N. D. Ill. 2002). See also Young v. Allstate Ins. Co., 812 N.E.2d 741, 757 (Ill. App. Ct. 2004). Because Woltman has alleged nothing other than conduct proscribed by § 155 in his Consumer Fraud count, summary judgment is warranted.

IT IS THEREFORE ORDERED:

(1) Defendant's Motion for Summary Judgment is GRANTED in part and DENIED in part. Summary Judgment is granted with regard to Count III of Plaintiff's complaint and denied in all other respects.

(2) Plaintiff's Motions to Strike (#22, #23) are denied as MOOT.

(3) This case is referred to the Magistrate Judge for further proceedings.

ENTERED this 9TH day of May, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE