**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

|  |  |
|---|---|
| JERRY WOLTMAN,          )<br>                         )<br>    Plaintiff,            )<br>                         )<br>    v.                   )<br>                         )<br>AMERICAN STATES INSURANCE)<br>COMPANY,                 )<br>                         )<br>    Defendant.           )<br>                         ) | No. 05-2198 |

## OPINION

On June 30, 2005, Defendant American States Insurance Company filed a Notice of Removal (#1) from the Circuit Court of Sangamon County. On May 13, 2005, Plaintiff Jerry Woltman had filed a complaint in that court alleging breach of insurance contract, improper claims practices, and consumer fraud relative to American States' handling of Woltman's claim for loss after a building Woltman owned burned down. On May 9, 2006, this court entered an Opinion (#30) granting summary judgment as to the consumer fraud count. On August 23, 2006, Defendant filed a second Motion for Summary Judgment (#50) as to the remaining counts. The matter is now fully briefed, and for the reasons that follow, summary judgment is DENIED.[1]

---

[1] Both parties have also filed Motions to Strike. Woltman filed a Motion to Strike (#55) portions of American States' Memorandum in Support of its Motion for Summary Judgment and American States filed a Motion to Strike (#67) Woltman's affidavit attached to his Response to the Motion for Summary Judgment. Motions to strike are disfavored. See Clegg v. Sullivan Corp., 2003 WL 21254558, at *1 (S.D. Ind. 2003). Therefore, generally, it is not this court's

FACTS

On November 10, 1998, American States issued property insurance to Woltman, a self-employed farmer, for a building located at 11 East West Street in Ridge Farm, Illinois. Woltman had purchased the mill and equipment in 1996 for $20,000 for the purpose of grinding grain. On October 7, 2002, a fire occurred at the property at approximately 2:45 a.m. As a result of the fire, Woltman lost a feed mill and certain fixtures on the property. These fixtures and other personal property include a receiving hopper, a receiving screw, a grinding leg, a five-hole discharge distributor, two two-way valves and one five-way valve, an oat crimper, a surge hopper for an oat crimper, an elevating conveyor for an oat crimper, a discharge screw and plenum, a hammermill, an air relief fan, an air relief cyclone, two three-ton vertical mixers, a screw conveyor, transitions, and support stands for equipment. The feed mill was insured for $409,600 and the feed mill equipment was insured for $400,000. Woltman reported the fire to American States on October 8, 2002. Sandra Parker, a general adjuster for American States, was assigned to his claim.[2]

Regarding the method of valuing a loss, the insurance policy issued by American States indicates:

    4.  Loss Payment

---

practice to grant motions to strike when ruling on motions for summary judgment. See Fenje v. Feld, 301 F. Supp. 2d 781, 789 (N.D. Ill. 2003). This court is confident it can rely only on admissible evidence in ruling on the Motion for Summary Judgment. Accordingly, the Motions to Strike are DENIED.

[2] Parker prepared a Commercial-Institutional-Light Industrial Estimating Form. Using this form, Parker calculated the replacement cost for the feed mill to be $177,519.50 and the replacement cost for the mix and dust collector to be $143,625. Parker testified this form was used for reserving purposes and for co-insurance purposes only.

a. In the event of loss or damage covered by this Coverage Form, at our option, we will either:

(1) Pay the value of lost or damaged property;

(2) Pay the cost of repairing or replacing the lost or damaged property, subject to b. below;

(3) Take all or any part of the property at an agreed or appraised value; or

(4) Repair, rebuild or replace the property with other property of like kind and quality, subject to b. below.

We will determine the value of lost or damaged property, or the cost of its repair or replacement, in accordance with the applicable terms of the Valuation Condition in this Coverage Form or any applicable provision which amends or supersedes the Valuation Condition.

The Valuation provision in the policy states:

7. Valuation

We will determine the value of Covered Property in the event of loss or damage as follows:

a. At actual cash value as of the time of loss or damage, except as provided in b., c., d., e., and f. below.

The policy also provides for replacement cost coverage as follows:

3. Replacement Cost

a. Replacement Cost (without deduction for depreciation) replaces Actual Cash Value in the Loss Condition, Valuation, of this Coverage Form. . . .

  c.  You may make a claim for loss or damage covered by this insurance on an actual cash value basis instead of on a replacement cost basis.  In the event you elect to have loss or damage settled on an actual cash value basis, you may still make a claim for the additional coverage this Optional Coverage provides if you notify us of your intent to do so within 180 days after the loss or damage.

  d.  We will not pay on a replacement cost basis for any loss or damage:

    (1) Until the lost or damaged property is actually repaired or replaced; and

    (2) Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.

Woltman did not repair or replace the damaged feed mill or feed mill equipment.  Woltman submitted a proof of loss form to American States.  Included in this form was an estimate from AKRA Builders for rebuilding the feed mill.  Also included was an estimate from Arkin Sales on replacement costs for the equipment.

  Prior to the January 31, 2006, deadline for the disclosure of expert witnesses, Woltman did not disclose any experts or expert reports regarding the issue of damages.  Woltman filed a motion for extension of time to disclose expert witness on March 31, 2006.  Magistrate Judge Bernthal denied that motion on April 19, 2006.  Woltman has never been a contractor and testified he is not qualified to determine how much it costs to build a building.  Woltman also testified he has no expertise in purchasing or maintaining feed mill equipment, and is not familiar with determining actual cash value.  In addition, Woltman never asked Arkin Sales or Akra Builders to determine the actual cash value of the feed mill equipment or the replacement cost of the feed mill building, less depreciation.

ANALYSIS

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, the court must decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. Waldridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). In reaching this decision, the court must consider the evidence in the light most favorable to the party opposing summary judgment. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The burden of establishing that no genuine issue of material fact exists rests with the movant. Jakubiec v. Cities Serv. Co., 844 F.2d 470, 473 (7th Cir. 1988).

In its Motion for Summary Judgment, American States argues that it is entitled to summary judgment on Woltman's breach of contract count because he has no proof of his damages. Specifically, American States argues that because Woltman did not replace or repair the feed mill, the only recovery available under the insurance contract is the actual cash value of the feed mill and its equipment. American States asserts that because Woltman has been barred from presenting expert testimony at trial, Woltman has no evidence of damages because only an expert is capable of testifying as to the actual cash value of a commercial feed mill and its equipment.

In support of this argument, American States cites a number of cases where summary judgment was granted in the absence of evidence of damages. In Dunkin' Donuts Inc., v. N.A.S.T., Inc., 428 F. Supp. 2d 761, 771 (N. D. Ill. 2005), the court dismissed the defendant's counterclaim under the Illinois Franchise Disclosure Act due to the defendant's "speculative and unsubstantiated

claims for damages." In <u>Ramada Franchise Sys., Inc., v. Royal Vale Hospitality of Cincinnati, Inc.</u>, 2005 WL 435263 at *8 (N.D. Ill. 2005), also cited by American States, the court granted summary judgment on defendants' breach of contract counterclaim because defendant did "not even argue - let alone point to any record evidence - that they were damaged." American States also cites <u>A.V. Consultants, Inc. v. Barnes</u>, 978 F.2d 996, 1001 (7th Cir. 1992), in which summary judgment was also awarded on a breach of contract claim where, aside from an unenforceable liquidated damages provision, plaintiff "presented nothing outside the pleadings that allowed any inference of damage."

Unlike these cases cited by American States, there can be no dispute in the instant case that Woltman, if able to prove a breach of contract by American States, sustained damage. While the absence of expert testimony on the issue of damages will certainly present an obstacle to Woltman as he seeks a significant amount in damages, this does not preclude Woltman from presenting his case to the jury. "Under Illinois law, the evidence need only tend to show a basis for the computation of damages with a fair degree of probability." <u>Naeem v. McKesson Drug Co.</u>, 444 F.3d 593, 611 (7th Cir. 2006). At a minimum, Woltman is competent to testify as to what he paid for the feed mill and equipment. American States will remain free to object at trial to any statements made by Woltman which it believes are not based upon personal knowledge or on matters to which Woltman is not competent to testify. Accordingly, American States' Motion for Summary Judgment is DENIED.[3]

---

[3] This court need not address American States' Motion for Summary Judgment as concerns Count II of Woltman's complaint because American States merely argues there is no basis for attorney fees pursuant to Section 155 of the Illinois Insurance Code if there was no breach of the insurance contract.

IT IS THEREFORE ORDERED:

    (1) Plaintiff's Motion to Strike (#55) is DENIED.

    (2) Defendant's Motion to Strike (#67) is DENIED.

    (3) Defendant's Motion for Summary Judgment (#50) is DENIED.

    (4) This case remains set for a final pretrial conference on November 21, 2006, at 11:00 a.m. and a jury trial commencing December 4, 2006, at 9:00 a.m.

    ENTERED this 20th day of October, 2006

    **s/ Michael P. McCuskey**
    MICHAEL P. McCUSKEY
    CHIEF U.S. DISTRICT JUDGE